Gregg M. Galardi, Esq.                     Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.                    Bryan A. Fratkin (VSB No. 38933)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  MCGUIREWOODS LLP
One Rodney Square                          One James Center
PO Box 636                                 901 E. Cary Street
Wilmington, Delaware 19899-0636            Richmond, Virginia 23219
(302) 651-3000                             (804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 N. Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

*Counsel to the Debtors and*
*Debtors in Possession*

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :  Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :  Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :  Jointly Administered
- - - - - - - - - - - - - - x
CIRCUIT CITY STORES, INC.,  x
                            :
        Plaintiff,          :
                            :
                v.          :  Adv. Pro. No. 10-_____
                            :
APEX DIGITAL INC. and HAIN  :
CAPITAL GROUP LLC,          :
                            :
        Defendants.         :
- - - - - - - - - - - - - - x


**CIRCUIT CITY STORES, INC.'S OBJECTION TO CLAIM NO. 6790
AND 13005 AND COMPLAINT AGAINST APEX DIGITAL INC. AND
HAIN CAPITAL GROUP LLC**

Circuit City Stores, Inc. ("Circuit City"), on behalf of itself and its affiliated debtors and debtors in possession (collectively, the "Debtors"),[1] hereby files its objection to proof of claim numbers 6790 and 13005 and its complaint (the "Complaint") against Apex Digital Inc. ("Apex") and Hain Capital Group LLC ("Hain" and, collectively with Apex, the "Defendants"). In support of the Complaint, Circuit City respectfully alleges as follows:

**NATURE OF THE ACTION**

1. Circuit City brings this action to avoid and recover certain transfers made to Apex within the 90-day period prior to the commencement of Circuit City's bankruptcy cases.

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

2.    In addition, Circuit City seeks to recover a sum of not less than $5,767.32 due and owing from Apex to Circuit City on account of certain receivables arising in connection with the business previously conducted between Circuit City and Apex (collectively, the "Unpaid Obligations").

3.    In connection therewith, Circuit City objects to claim number 6790 ("Claim No. 6790") and seeks to disallow it under Bankruptcy Code section 502(d).

4.    Finally, in the event Circuit City is not entitled to affirmatively recover all or any portion of the Unpaid Obligations, Circuit City seeks to setoff the Unpaid Obligations against any amount for which it is determined to be liable with respect to claim number 13005 ("Claim No. 13005").

**THE PARTIES**

5.    Circuit City is a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business in Richmond, Virginia. Circuit City is a debtor and debtor in possession in the above-captioned chapter 11 bankruptcy cases.

6.     Upon information and belief, defendant Apex is a corporation organized under the laws of the State of California with its principal place of business in Walnut, California.

7.     Upon information and belief, defendant Hain is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Rutherford, New Jersey.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

9.     This is a core proceeding under 28 U.S.C. § 157(b).

10.    Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

11.    The statutory and legal predicates for the relief requested by the Complaint are sections 105, 502, 503, 541, 542, 547, 550, and 558 of title 11, United States Code (the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

**BACKGROUND**

**A.    General Case Background.**

12.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

13.    The Debtors continue as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

14.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

15.    On January 16, 2009, the Court authorized the Debtors to, among other things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores") pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").

16.  On January 17, 2009, the Agent commenced going out of business sales at the Stores pursuant to the Agency Agreement.

17.  As of March 8, 2009, the going out of business sales at the Debtors' Stores were completed.

18.  On September 24, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (as amended, the "Plan").

19.  The disclosure statement (the "Disclosure Statement") filed with respect to the Plan was approved on September 24, 2009.

20.  No confirmation hearing has been held with respect to the Plan, and the Plan has not yet been confirmed.

21.  The Plan provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

**B.    The Business Relationship Between Circuit City And Apex.**

22.    Prior to the commencement of these bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

23.    During the ordinary course of the Debtors' business, the Debtors maintained books and records of their transactions with Apex (the "Books and Records").

24.    On April 21, 2008, Circuit City and Apex entered into a Master Dealer Agreement.

25.    The Master Dealer Agreement is attached hereto as Exhibit A and has been filed under seal.

26.    The Master Dealer Agreement is governed by Virginia law.

27.    Over the course of the parties' business relationship, Circuit City and Apex entered into

numerous side agreements, addenda and letter agreements, both subject to, and outside of, the terms of the Master Dealer Agreement (together with the Master Dealer Agreement, the "Apex Agreements").

28.   Pursuant to the Apex Agreements, Circuit City purchased certain goods from Apex for resale by Circuit City through its retail channels.

29.   Circuit City and Apex conducted business with one another up to and through the Petition Date under the Apex Agreements.

**C.   Amounts Allegedly Owed To Apex And Apex's Proofs Of Claim.**

**(1)   Claim No. 732**

30.   On or about December 12, 2008, Apex filed claim number 732 ("Claim No. 732").

31.   Claim No. 732 was filed in the amount of $1,490,630.40 as a claim allegedly entitled to administrative priority under Bankruptcy Code section 503(b)(9).

32.   In Claim No. 732, Apex alleged that the claim was based on sales of certain goods by Apex to

Circuit City and receipt of such goods during the twenty-day period prior to the Petition Date.

33.  On or about July 27, 2009, Claim No. 732 was transferred from Apex to Hain pursuant to a notice of claim transfer (Docket No. 4288).

34.  Pursuant to the Court's order on Debtors' Fifty-First and Fifty-Second Omnibus Objections (Docket No. 6228), Claim No. 732 has been temporarily disallowed pending the Court's resolution of Circuit City's allegations that Apex received the avoidable transfers identified in the Fifty-First and Fifty-Second Omnibus Objections.

**(2)  Claim No. 6790**

35.  On or about January 28, 2009, Apex filed Claim No. 6790.

36.  Claim No. 6790 was filed in the amount of $861,652.40 as a general unsecured, non-priority claim.

37.  In Claim No. 6790, Apex alleged that the claim was based on sales of certain goods by Apex to Circuit City.

**(3)  Claim No. 13005**

38.  On or about May 8, 2009, Apex filed Claim No. 13005.

39.  Claim No. 13005 was filed in the amount of $1,112,205.50 as a claim allegedly entitled to administrative priority.

40.  In Claim No. 13005, Apex alleged that the claim was based on sales of certain goods by Apex to Circuit City after the Petition Date.

41.  On or about July 27, 2009, Claim No. 13005 was transferred from Apex to Hain, pursuant to a notice of claim transfer (Docket No. 4289).

**D.  Amounts Owed To Circuit City By Apex.**

42.  As of the date hereof, on account of the pre- and post-petition business conducted between Apex and Circuit City pursuant to the Apex Agreements or otherwise, Apex is indebted to Circuit City on account of Unpaid Obligations in the amount of at least $5,767.32.

43.  The amount owed by Apex is on account of certain returned goods for which Apex failed to credit Circuit City.

44.  The Unpaid Obligations are due, owing, and payable by Apex to Circuit City.

**E.  Transfers To Apex Made Within 90 Days Prior To The Petition Date.**

45.  During the 90-day period prior to the commencement of Circuit City's bankruptcy cases (the "Preference Period"), Circuit City transferred property to or for the benefit of Apex in an amount not less than $1,972,416.

46.  A list identifying each transfer is attached hereto as <u>Exhibit B</u> and incorporated herein by reference (collectively, the "Preferential Transfers").

47.  Some, but not all, of the Preferential Transfers might be subject to defenses under Bankruptcy Code section 547(c).

**COUNT I**

**(RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(B) AND 550)**

48.  Circuit City repeats and realleges each of the allegations set forth above as if fully set forth herein.

49.  During the Preference Period, Apex was a creditor of Circuit City.

50.  Each Preferential Transfer was made to or for the benefit of Apex.

51.  Each Preferential Transfer was made for or on account of an antecedent debt or debts owed by Circuit City before such Preferential Transfers were made.

52.  Each Preferential Transfer was made during the Preference Period.

53.  Each Preferential Transfer was made while Circuit City was insolvent.

54.  Each Preferential Transfer enabled Apex to receive more than Apex would have received if Circuit City's chapter 11 case was instead a case under chapter 7 of the Bankruptcy Code.

55.  Each Preferential Transfer enabled Apex to receive more than Apex would have received if the transfers and/or payments had not been made.

56.  Each Preferential Transfer enabled Apex to receive more than Apex would have received if Apex received payment of such debt to the extent provided by the Bankruptcy Code.

57.   Each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b).

58.   Apex is either (i) the initial transferee of the Preferential Transfers, (ii) the entity for whose benefit the Preferential Transfers were made, or (iii) an immediate or mediate transferee of the Preferential Transfers.

59.   Each Preferential Transfer that is avoided is recoverable pursuant to Bankruptcy Code section 550.

60.   Subject to potential defenses, Circuit City is entitled to recover an amount not less than $1,972,416 pursuant to Bankruptcy Code section 550(a).

## COUNT II

### (OBJECTION TO CLAIM NO. 6790 – DISALLOWANCE UNDER SECTION 502(D))

61.   Circuit City repeats and realleges each of the allegations set forth above as if fully set forth herein.

62.   Claim No. 6790 is a right to payment allegedly owed by Circuit City.

63. Each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b).

64. Each Preferential Transfer that is avoided is recoverable pursuant to Bankruptcy Code section 550.

65. Accordingly, pursuant to Bankruptcy Code section 502(d), Claim No. 6790 should be disallowed pending the payment by Apex of amounts owed to Circuit City.

## COUNT III

### (TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542)

66. Circuit City repeats and realleges each of the allegations set forth above as if fully set forth herein.

67. Apex is in possession, custody, and control of the Unpaid Obligations in an amount not less than $5,767.32.

68. The Unpaid Obligations constitute valid and existing debts, due and owing by Apex to Circuit City.

69.   The Unpaid Obligations are property of Circuit City's estate under section 541 of the Bankruptcy Code and constitute debts that are matured, payable on demand, or payable on order.

70.   Accordingly, pursuant to Bankruptcy Code section 542, Apex should be compelled to turn over and deliver to Circuit City the Unpaid Obligations in an amount not less than $5,767.32.

## COUNT IV

### (OBJECTION TO CLAIM NO. 6790 – DISALLOWANCE UNDER SECTION 502(D))

71.   Circuit City repeats and realleges each of the allegations set forth above as if fully set forth herein.

72.   In the alternative to Count II, but without waiving any allegation contained with respect thereto, Circuit City makes the following additional allegations in support of Count IV.

73.   Claim No. 6790 is a right to payment allegedly owed by Circuit City.

74.  Apex is in possession, custody, and control of the Unpaid Obligations in an amount not less than $5,767.32.

75.  The Unpaid Obligations constitute valid and existing debts, due and owing by Apex to Circuit City.

76.  The Unpaid Obligations are property of Circuit City's estate under section 541 of the Bankruptcy Code and constitute debts that are matured, payable on demand, or payable on order.

77.  The Unpaid Obligations are recoverable pursuant to Bankruptcy Code section 542.

78.  Apex has not turned over or paid to Circuit City the Unpaid Obligations.

79.  Accordingly, pursuant to Bankruptcy Code section 502(d), Claim No. 6790 should be disallowed pending Apex's turnover or payment of the Unpaid Obligations to Circuit City.

## COUNT V

## (BREACH OF CONTRACT)

80.  Circuit City repeats and realleges each of the allegations set forth above as if fully set forth herein.

81.  In the alternative to Count III, but without waiving any allegation contained with respect thereto, Circuit City makes the following additional allegations in support of Count V.

82.  Pursuant to the Apex Agreements, Apex is obligated to pay to Circuit City the Unpaid Obligations.

83.  The Apex Agreements are valid and enforceable agreements against Apex.

84.  Circuit City performed its obligations under the Apex Agreements with respect to the Unpaid Obligations.

85.  Apex's failure to compensate Circuit City for the Unpaid Obligations in an amount not less than $5,767.32 constitutes a material breach of Apex's obligations under the Apex Agreements.

86. As a direct and proximate result of Apex's breaches, Circuit City has incurred damages in an amount not less than $5,767.32.

87. Accordingly, Circuit City is entitled to a judgment against Apex in an amount not less than $5,767.32.

**COUNT VI**

**(UNJUST ENRICHMENT/QUASI CONTRACT)**

88. Circuit City repeats and realleges each of the allegations set forth above as if fully set forth herein.

89. In the alternative to Counts III and V, but without waiving any allegation with respect thereto, Circuit City makes the following additional allegations in support of Count VI.

90. Circuit City conferred a benefit upon Apex pursuant to the Apex Agreements.

91. Apex knowingly accepted the benefit conferred by Circuit City.

92. Circuit City reasonably expected to be compensated by Apex in an amount not less than $5,767.32 on account of the benefit conferred upon Apex.

93.  Apex's benefit without just compensation to Circuit City has unjustly enriched Apex in an amount not less than $5,767.32.

94.  Circuit City has no adequate remedy at law to recover the Unpaid Obligations.

95.  Accordingly, as a result of Apex's unjust enrichment at Circuit City's expense, Circuit City is entitled to restitution from the Defendant in an amount not less than $5,767.32.

**COUNT VII**

**(OBJECTION TO CLAIM NO. 13005 – SETOFF OF THE UNPAID OBLIGATIONS)**

96.  Circuit City repeats and realleges each of the allegations set forth above as if fully set forth herein.

97.  In the alternative to Counts III, V and VI, but without waiving any allegation contained with respect thereto, Circuit City makes the following additional allegations in support of Count VII.

98.  The Unpaid Obligations arose from business transactions between Circuit City and Apex.

99. The Unpaid Obligations are debts owed by Apex to Circuit City.

100. Claim No. 13005 arose from business transactions between Apex and Circuit City.

101. Claim No. 13005 is a debt allegedly owed by Circuit City to Apex.

102. Consequently, under applicable law, Circuit City has established valid setoff rights.

103. Pursuant to Bankruptcy Code section 558, Circuit City's defenses, including setoff, are preserved.

104. Under applicable law, the Unpaid Obligations should be setoff first against Claim No. 13005.

105. After setoff, Claim No. 13005 should be reduced to $1,106,438.18.

106. After setoff, the Unpaid Obligations should be reduced to $0.

**PRAYER FOR RELIEF**

WHEREFORE, Circuit City respectfully requests and prays that the Court:

i.     Pursuant to Count I, enter judgment against
       Apex under 11 U.S.C. §§ 547 and 550 and allow
       Circuit City to avoid and recover the
       Preferential Transfers in an amount not less
       than $1,972,416; and

ii.    Pursuant to Count II, disallow Claim No. 6790
       in accordance with Bankruptcy Code section
       502(d) pending payment by Apex to the Debtors
       of any avoidable and recoverable transfers;
       and

iii.   Pursuant to Count III, order Apex to
       immediately turn over and deliver to Circuit
       City the Unpaid Obligations in an amount not
       less than $5,767.32; and

iv.    In the alternative to Count II, pursuant to
       Count IV, disallow Claim No. 6790 in
       accordance with Bankruptcy Code section 502(d)
       pending Apex's turnover or payment of the
       Unpaid Obligations to Circuit City; and

v.     In the alternative to Count III, pursuant to
       Count V, enter judgment against Apex for
       breach of contract and award Circuit City
       damages in an amount not less than $5,767.32;
       and

vi.    In the alternative to Counts III and V,
       pursuant to Count VI, enter judgment against
       Apex for unjust enrichment and award Circuit
       City restitution damages on account of Apex's
       unjust enrichment in an amount not less than
       $5,767.32; and

vii.   In the alternative to Counts III, V and VI,
       pursuant to Count VII, authorize Circuit City
       to effect a setoff of the Unpaid Obligations
       against Claim No. 13005, reducing it to the
       proper amount of $1,106,438.18; and

viii.    Award Circuit City interest, costs, and
          expenses; and

  ix.    Grant Circuit City such other and further
          relief the Court deems just and appropriate.

Dated: Richmond, Virginia    MCGUIREWOODS LLP
        April 1, 2010
                              /s/ Douglas M. Foley_____
                              Douglas M. Foley (VSB No. 34364)
                              Bryan A. Fratkin (VSB No. 38933)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                                      - and -

                              SKADDEN, ARPS, SLATE, MEAGHER &
                                  FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                                      - and -

                              SKADDEN, ARPS, SLATE, MEAGHER &
                                  FLOM, LLP
                              Chris L. Dickerson, Esq.
                              155 N. Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                              Counsel for Plaintiff

**EXHIBIT A**

**(Master Dealer Agreement)**

**FILED UNDER SEAL**

**EXHIBIT B**

**(Preferential Transfers)**

**Exhibit B**

| Vendor Name | Check Clear Date | Check Number | Paid Amount |
|---|---:|---:|---|
| APEX DIGITAL INC | 8/21/2008 | 1033964 | $    493,104.00 |
| APEX DIGITAL INC | 9/4/2008 | 1034425 | $    739,656.00 |
| APEX DIGITAL INC | 9/10/2008 | 1034761 | $    739,656.00 |
| | | **Total Check Amount** | $ 1,972,416.00 |